1   LAWRENCE A HILDES (WSBA# 35035)
2   P.O. Box 5405
3   Bellingham, WA 98227
4   Telephone: (360) 715-9788
5   Fax: (360) 714-1791
6
7   Paul Richmond (WSBA# 32306)
8   4616 25th Avenue NE, #449
9   Seattle, WA, 98105
10  (206) 526-0565
11
12  Attorneys for Plaintiffs:
13  ANDREW HEDDEN, AARON KULLER, JESSE JOHNSON,
14  JARRET PUTMAN, CAYLA M. CASIANI, GREGORY DUDLEY,
15  MACKENZIE HAMILTON, NICOLE MARIE BADE, JOHN W. DELACY,
16  CHRISTOPHER G. KONKEL, ANDREW S. DELL, DALE HARDWAY,
17  JOHN BUCKNER, BRUCE WHITMORE, JACK WHITEHORSE,
18  DAWN HARDIN, TERRY BATTERSON, GRAHAM CLARK, BRIDGET
19  O'BRIEN-SMITH, MICHAEL VARGAS and ROGER STOCKER
20

_____ FILED   _____ ENTERED
_____ LODGED   _____ RECEIVED

JUN -2 2005   ES

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                                DEPUTY

21              UNITED STATES DISTRICT COURT
22              WESTERN DISTRICT OF WASHINGTON
23
24                  C05-0999 TSZ
25  ANDREW HEDDEN, AARON KULLER,   ) CASE NO.
26  JESSE JOHNSON, JARRET PUTMAN,   )
27  CAYLA  M. CASIANI, GREGORY   ) COMPLAINT FOR CIVIL RIGHTS
28  DUDLEY, MACKENZIE HAMILTON,   ) VIOLATIONS 42 USC 1983;
29  NICOLE MARIE BADE, JOHN W.   ) FALSE ARREST, FALSE
30  DELACY, CHRISTOPHER G. KONKEL,   ) IMPRISONMENT, BATTERY,
31  ANDREW S. DELL, DALE HARDWAY,   ) ASSAULT, TRESPASS TO CHATTEL,
32  DAWN HARDIN, JOHN BUCKNER,   ) CONVERSION,
33  BRUCE WHITMORE, JACK   ) INTENTIONAL INFLICTION OF
34  WHITEHORSE, TERRY BATTERSON,   ) EMOTIONAL DISTRESS, NEGILGENCE
35  GRAHAM CLARK, BRIDGET O'BRIEN-   )
36  SMITH, WILLIAM MICHAEL   )
37  VARGAS, and ROGER STOCKER   )
38                              )
39          Plaintiffs,   )
40                              )
41  vs.   )
42                              )
43  CITY OF SEATTLE; SEATTLE POLICE   )
44  DEPARTMENT; THE LAW   )
45  ENFORCEMENT INTELLIGENCE UNIT   )

‖|‖‖‖|‖ ‖‖‖| ‖‖| ‖‖‖‖| ‖‖‖‖| ‖‖‖‖ ‖‖‖|‖ ‖‖| ‖‖‖
| ‖‖‖‖| ‖|| ‖‖‖‖‖| ‖‖‖|| ‖‖‖| || ‖‖‖

05-CV-00999-CMP

HEDDEN ET AL V. CITY OF SEATTLE, COMPLAINT                     1

1. TUKWILLA POLICE DEPARTMENT, )
2. BURIEN POLICE DEPARTMENT, )
3. RENTON POLICE DEPARTMENT, )
4. REDMOND POLICE DEPARTMENT, )
5. KING COUNTY SHERIFF'S OFFICE, )
6. CAPTAIN MICHAEL SANFORD, )
7. individually and in his official capacity )
8. as a CAPTAIN OF THE SEATTLE )
9. POLICE DEPARTMENT; and JANE )
10. DOE SANFORD, his wife, and the )
11. marital community there of ; CHIEF R. )
12. GIL KERLIKOWSKE individually and in )
13. his capacity as the CHIEF )
14. of the SEATTLE POLICE DEPARTMENT )
15. and JANE DOE KERLIKOWSKE )
16. and the marital community composed )
17. thereof; CLARK KIMERER, )
18. individually and in his capacity as )
19. a DEPUTY CHIEF of the SEATTLE )
20. POLICE DEPARTMENT And JANE DOE )
21. KIMERER and the marital )
22. community composed thereof; )
23. ASSISTANT CHIEF JIM PUGEL, )
24. individually and in his official capacity )
25. as an  ASST. CHIEF of the SEATTLE )
26. POLICE DEPARTMENT and JANE DOE )
27. PUGEL and the marital community )
28. composed thereof; STEVE WILSKE, )
29. individually  and in his Official capacity )
30. as a LIEUTENANT OF THE SEATTLE )
31. POLICE DEPARTMENT, and JANE DOE )
32. WILSKE and the marital community )
33. composed thereof; J.K. DYMENT, )
34. individually and in her Official capacity )
35. as a SERGEANT of the SEATTLE )
36. POLICE DEPARTMENT AND JOHN DOE )
37. DYMENT, and the marital community )
38. composed thereof; A.C. PRICE, )
39. individually and in his Official capacity )
40. as a SERGEANT OF the SEATTLE )
41. POLICE DEPARTMENT, and JANE )
42. DOE PRICE and the marital community )
43. composed  thereof; G. CALDER, )
44. individually and in his Official capacity )
45. as a LIEUTENANT of the SEATTLE )

1  POLICE DEPARTMENT and JANE DOE )
2  CALDER and the marital community )
3  composed thereof; J.J. JANKAUSKAS, )
4  individually and in his official capacity )
5  as a LIEUTENANT of the SEATTLE )
6  POLICE DEPARTMENT and JANE DOE )
7  JANKAUSKAS, and the marital )
8  community thereof; M.A. COOMES, )
9  individually and in his Official capacity )
10 as a SERGEANT of the SEATTLE )
11 POLICE DEPARTMENT and JANE DOE )
12 COOMES and the marital community )
13 thereof; D.R. LOWE, individually and in )
14 his Official capacity as a SERGEANT of )
15 the SEATTLE POLICE DEPARTMENT )
16 and JANE DOE LOWE and the marital )
17 community thereof; J.J. MAGAN, )
18 individually and in his official capacity )
19 as a SERGEANT of the SEATTLE )
20 POLICE DEPARTMENT and JANE DOE )
21 MAGAN and the marital community )
22 thereof; SGT. BRADY, individually )
23 and in his Official capacity as a )
24 SERGEANT of the SEATTLE POLICE )
25 DEPARTMENT, and JANE DOE BRADY )
26 and the marital community thereof; )
27 SGT. BROTHERTON, individually and )
28 in his Official capacity as a SERGEANT )
29 of the SEATTLE POLICE DEPARTMENT, )
30 and JANE DOE BROTHERTON and the )
31 marital community thereof;  DETECTIVE R. )
32 ROMERO, individually and in his Official )
33 capacity as a DETECTIVE of the SEATTLE )
34 POLICE DEPARTMENT and JANE DOE )
35 ROMERO and the marital community )
36 thereof; P.C. WALL, individually and in his )
37 Official capacity as an OFFICER of the )
38 SEATTLE POLICE DEPARTMENT, and )
39 JANE DOE WALL and the marital )
40 Community thereof; D.D. DARNALL, )
41 individually and in his Official capacity )
42 as an OFFICER of the SEATTLE POLICE )
43 DEPARTMENT, and JANE DOE DARNALL )
44 and the marital community thereof; R. )
45 NELSON, individually and in his Official )

1  capacity as an OFFICER of the SEATTLE )
2  POLICE DEPARTMENT and JANE DOE )
3  NELSON and the marital community thereof )
4  G. NELSON, individually and in his )
5  Official capacity as a SERGEANT of the )
6  SEATTLE POLICE DEPARTMENT, and )
7  JANE DOE NELSON and the marital )
8  Community thereof; MATTHEW M. DIESZI, )
9  Individually and in his Official capacity as )
10  an Officer of the SEATTLE POLICE )
11  DEPARTMENT and JANE DOE DIESZI )
12  and the marital community thereof; K. )
13  SWANK, individually and in his Official )
14  capacity as an OFFICER of the SEATTLE )
15  POLICE DEPARTMENT and JANE DOE )
16  SWANK and the marital community thereof; )
17  TAD K. WILLOUGHBY, individually and in )
18  his Official capacity as a SERGEANT of )
19  the SEATTLE POLICE DEPARTMENT, and )
20  JANE DOE WILLOUGHBY and the marital )
21  community thereof; MICHAEL WHIDBEY, )
22  individually and in his Official capacity as a )
23  DETECTIVE of the SEATTLE POLICE )
24  DEPARTMENT and JANE DOE WHIDBEY )
25  and the marital community thereof; VERNER )
26  O'QUIN, individually and in his Official )
27  capacity as a SERGEANT of the SEATTLE )
28  POLICE DEPARTMENT and JANE DOE )
29  O'QUIN and the marital community thereof; )
30  SGT. JANDOC, individually and in his )
31  Official capacity as a SERGEANT of the )
32  SEATTLE POLICE DEPARTMENT and JANE )
33  DOE JANDOC and the marital community )
34  thereof; OFFICER LANDERS, individually )
35  and in his Official capacity as an Officer of )
36  the SEATTLE POLICE DEPARTMENT and )
37  JANE DOE LANDERS and the marital )
38  community thereof; LOREN R. STREET )
39  individually and in his Official capacity as an )
40  OFFICER of the SEATTLE POLICE )
41  DEPARTMENT and JANE DOE STREET )
42  and the marital community thereof; P.J. FOX,)
43  individually and in his Official capacity as an )
44  OFFICER of the SEATTLE POLICE )
45  DEPARTMENT, and JANE DOE )

1    **FOX and the marital community**      )
2    **thereof; THOMAS M. MOONEY,  individually**  )
3    **and in his Official capacity as an OFFICER**   )
4    **of the SEATTLE POLICE DEPARTMENT,**    )
5    **and JANE DOE MOONEY and the marital**   )
6    **community thereof; K. ZEIGER, individually** )
7    **and in his Official capacity as an OFFICER**   )
8    **of the SEATTLE POLICE DEPARTMENT,**    )
9    **and JANE DOE ZEIGER and the marital**    )
10   **community thereof; J.J. LEE, individually**   )
11   **and in his Official capacity as an OFFICER**  )
12   **of the SEATTLE POLICE DEPARTMENT,**   )
13   **and JANE DOE LEE and the marital**     )
14   **community thereof; RIK K. HALL,**       )
15   **individually and in his Official capacity as**  )
16   **an OFFICER of the SEATTLE POLICE**     )
17   **DEPARTMENT, and JANE DOE HALL and**  )
18   **the marital community thereof; M. LANZ,**  )
19   **individually and in his Official capacity as an** )
20   **OFFICER OF THE SEATTLE POLICE**     )
21   **DEPARTMENT, and JANE DOE LANZ and**  )
22   **the marital community thereof; PATRICIA**  )
23   **A. MACDONALD, individually and in her**   )
24   **capacity as an OFFICER of the SEATTLE**  )
25   **POLICE DEPARTMENT and JOHN DOE**   )
26   **MACDONALD and the marital community**  )
27   **thereof; WALTER M. HAYDEN, individually** )
28   **and in his Official capacity as an OFFICER**  )
29   **of the SEATTLE POLICE DEPARTMENT,**   )
30   **and JANE DOE HAYDEN and the marital**   )
31   **community thereof; MARK A. GRINSTEAD,** )
32   **individually and in his Official capacity as an** )
33   **Officer of the SEATTLE POLICE**       )
34   **DEPARTMENT, and JANE DOE GRINSTEAD** )
35   **and the marital community thereof; TOMMIE** )
36   **M. DORAN, individually and in his Official**  )
37   **capacity as an OFFICER of the SEATTLE**  )
38   **POLICE DEPARTMENT and JANE DOE**   )
39   **DORAN and the marital community thereof;** )
40   **ADRIAN Z. DIAZ, individually and in his**  )
41   **Official capacity as a SERGEANT of the**  )
42   **SEATTLE POLICE DEPARTMENT, and**   )
43   **JANE DOE DIAZ and the marital community** )
44   **thereof; CHAD L. MCLAUGHLIN,**     )
45   **Individually and in his Official capacity as an** )

OFFICER of the SEATTLE POLICE )
DEPARTMENT, and JANE DOE )
MCLAUGHLIN and the marital community )
thereof; BRAD CONWAY, individually  and in)
his Official capacity as an Officer of the )
SEATTLE POLICE DEPARTMENT, and )
JANE DOE CONWAY and the marital )
community thereof; MATTHEW BRADRICK, )
individually and in his Official capacity as an )
OFFICER of the SEATTLE POLICE )
DEPARTMENT, and JANE DOE BRADRICK )
and the marital community thereof; DAVID )
FITZGERALD, individually and in his Official )
Capacity as an OFFICER of the SEATTLE )
POLICE DEPARTMENT and JANE DOE )
FITZGERALD and the marital community )
thereof;  RANDALL A. JOKELA, individually )
and in his Official capacity as an OFFICER )
of the SEATTLE POLICE DEPARTMENT, )
and JANE DOE JOKELA and the marital )
community thereof; GEORGE HISSUNG JR )
individually and in his Official capacity as an )
OFFICER of the SEATTLE POLICE )
DEPARTMENT, and JANE DOE HISSUNG )
and the marital community thereof; JASON )
G. DRUMMOND, individually and in his )
Official capacity as an OFFICER of the )
SEATTLE POLICE DEPARTMENT, and )
JANE DOE DRUMMOND and the marital )
community thereof; JOHN A . DIAZ, )
individually and in his Official capacity as an )
OFFICER of the SEATTLE POLICE )
DEPARTMENT, and JANE DOE DIAZ and )
the marital community thereof; OFFICER )
MCCRAE, individually and in his Official )
capacity as an OFFICER of the SEATTLE )
POLICE DEPARTMENT, and JANE DOE )
MCCRAE and the marital community thereof )
JAMES B. PATCHEN, individually and in )
his Official capacity as an OFFICER of the )
SEATTLE POLICE DEPARTMENT and JANE )
DOE PATCHEN and the marital community )
thereof; MICHAEL M. SUDDUTH, individually )
and in his Official capacity as an OFFICER )
of the SEATTLE POLICE DEPARTMENT, )

1  and JANE DOE SUDDUTH and the marital        )
2  community thereof; WILLIE WILLIAMS,          )
3  individually and in his Official capacity as an )
4  OFFICER of the SEATTLE POLICE               )
5  DEPARTMENT, and JANE DOE WILLIAMS           )
6  and the marital community thereof;  W.       )
7  CRAVENS, individually and in his Official    )
8  capacity as an OFFICER of the SEATTLE       )
9  POLICE DEPARTMENT, and JANE DOE             )
10 CRAVENS and the marital community           )
11 thereof; R. BOURNES, individually and in    )
12 his Official capacity as an OFFICER of the   )
13 SEATTLE POLICE DEPARTMENT, and             )
14 JANE DOE BOURNES and the marital            )
15 community thereof; MARK L. WORSTMAN,        )
16 individually and in his Official capacity as  )
17 a SERGEANT of the SEATTLE POLICE            )
18 DEPARTMENT, and JANE DOE WORSTMAN )
19 BILL GARDINER, individually and in his      )
20 Official capacity as a LIEUTENANT of the    )
21 WASHINGTON STATE PATROL, and JANE          )
22 DOE GARDINER and the marital community      )
23 thereof; MARK W. LAMOREAUX, individually )
24 and in his Official capacity as a            )
25 LIEUTENANT of the WASHINGTON STATE         )
26 PATROL, and JANE DOE LAMOREAUX and         )
27 the marital community thereof; SHAWN        )
28 BERRY, individually and in his Official      )
29 capacity as a DETECTIVE of the             )
30 WASHINGTON STATE PATROL, and JANE          )
31 DOE BERRY and the marital community         )
32 thereof; JAMES A. CHROMEY, individually     )
33 and in his Official capacity as a            )
34 LIEUTENANT of the WASHINGTON STATE         )
35 PATROL, and JANE DOE CHROMEY and the )
36 marital community thereof; DAVID W.         )
37 BOURLAND, individually and in his Official   )
38 capacity as a TROOPER of the               )
39 WASHINGTON STATE PATROL,  and JANE         )
40 DOE BOURLAND and the marital community )
41 thereof; CURT G. BOYLE, individually and in )
42 his Official capacity as a TROOPER of the    )
43 WASHINGTON STATE PATROL, and JANE          )
44 DOE BOYLE and the marital community         )
45 thereof; RICARDO BRITO, individually and in )

HEDDEN ET AL V. CITY OF SEATTLE, COMPLAINT

1   his Official capacity as a TROOPER of the   )
2   WASHINGTON STATE PATROL, and JANE   )
3   DOE BRITO and the marital community   )
4   thereof; DARIN F. DE RUWE, individually   )
5   and in his Official capacity as a TROOPER   )
6   of the WASHINGTON STATE PATROL, and   )
7   JANE DOE DE RUWE and the marital   )
8   community thereof; BRYAN R. DUCOMMUN, )
9   individually and in his Official capacity as a   )
10  TROOPER of the WASHINGTON STATE   )
11  PATROL, and JANE DOE DUCOMMUN and   )
12  the marital community thereof; ANN E.   )
13  DUTTON, individually and in her Official   )
14  Capacity as a DETECTIVE of the   )
15  WASHINGTON STATE PATROL, and JOHN   )
16  DOE DUTTON and the marital community   )
17  thereof; KEVIN L. FORRESTER, individually   )
18  and in his Official capacity as a DETECTIVE  )
19  of the WASHINGTON STATE PATROL, and   )
20  JANE DOE FORRESTER and the marital   )
21  community thereof; JOEL W. GORDON,   )
22  individually and in his Official capacity as a   )
23  DETECTIVE of the WASHINGTON STATE   )
24  PATROL, and JANE DOE GORDON and the   )
25  marital community thereof; CHRIS T.   )
26  GUNDERMANN, individually and in his   )
27  Official capacity as a SERGEANT of the   )
28  WASHINGTON STATE PATROL,  and JANE   )
29  DOE GUNDERMANN and the marital   )
30  community thereof; JOI J. HANER,   )
31  individually and in her Official capacity as   )
32  a TROOPER of the WASHINGTON STATE   )
33  PATROL, and JOHN DOE HANER and the   )
34  marital  community thereof; ROGER D.   )
35  HANSBERRY, individually and in his Official )
36  capacity as a TROOPER of the   )
37  WASHINGTON STATE PATROL, and JANE   )
38  DOE HANSBERRY and the marital   )
39  community thereof; RUSSELL J. HANSON,   )
40  individually and in his Official capacity as a   )
41  TRROPER of the WASHINGTON STATE   )
42  PATROL, and JANE DOE HANSON and the   )
43  marital community thereof; JEFFREY R.   )
44  KERSHAW, individually and in his Official   )
45  capacity as a DETECTIVE of the   )

HEDDEN ET AL V. CITY OF SEATTLE, COMPLAINT

1    **WASHINGTON STATE PATROL, and JANE  )**
2    **DOE KERSHAW and the marital community  )**
3    **thereof; DANIEL L. MANN, individually and in)**
4    **his Official capacity as a DETECTIVE of the  )**
5    **WASHINGTON STATE PATROL,  and JANE  )**
6    **DOE MANN and the marital community  )**
7    **thereof; GEORGE R. MARS, JR., individually )**
8    **and in his Official capacity as a DETECTIVE )**
9    **of the WASHINGTON STATE PATROL, and  )**
10    **JANE DOE MARS and the marital community)**
11    **thereof; JOHN G. MCMULLEN, individually  )**
12    **and in his Official capacity as a TROOPER of)**
13    **the WASHINGTON STATE PATROL and  )**
14    **JANE DOE MCMULLEN and the marital  )**
15    **community thereof; DARRELL R. NOYES,  )**
16    **individually and in his Official capacity as a  )**
17    **TROOPER of the WASHINGTON STATE  )**
18    **PATROL, and JANE DOE NOYES and the  )**
19    **marital community thereof; STEVEN  E.  )**
20    **REEVES, individually and in his Official  )**
21    **capacity as a TROOPER of the  )**
22    **WASHINGTON STATE PATROL and JANE  )**
23    **DOE REEVES and the marital community  )**
24    **thereof; WESLEY H. RETHWILL, individually )**
25    **and in his Official capacity as a SERGEANT )**
26    **of the WASHINGTON STATE PATROL, and  )**
27    **JANE DOE RETHWILL and the marital  )**
28    **community thereof; CRAIG L. SAHLINGER,  )**
29    **individually and in his Official capacity as a  )**
30    **TROOPER of the WASHINGTON STATE  )**
31    **PATROL, and JANE DOE SAHLINGER and  )**
32    **the marital community thereof; DAVID J.  )**
33    **BROWNE, individually and in his Official  )**
34    **capacity as a SERGEANT of the  )**
35    **WASHINGTON STATE PATROL, and JANE  )**
36    **DOE BROWNE and the marital community  )**
37    **thereof; GARY D. GASSELING, individually  )**
38    **and in his Official capacity as a SERGEANT )**
39    **of the WASHINGTON STATE PATROL, and  )**
40    **JANE DOE GASSELING and the marital  )**
41    **community thereof; PAUL M. STANEK III.,  )**
42    **individually and in his Official capacity as a  )**
43    **DETECTIVE of the WASHINGTON STATE  )**
44    **PATROL, and JANE DOE STANEK and the  )**
45    **marital community thereof; RICHARD A.  )**

HEDDEN ET AL V. CITY OF SEATTLE, COMPLAINT        9

1   TAYLOR, individually and in his Official        )
2   capacity as a DETECTIVE of the                  )
3   WASHINGTON STATE PATROL, and JANE               )
4   DOE TAYLOR and the marital community            )
5   thereof; GARY M. WILCOX, individually and       )
6   in his Official capacity as a DETECTIVE of      )
7   the WASHINGTON STATE PATROL, and                )
8   JANE DOE WILCOX and the marital                 )
9   community thereof; OREST D. WILSON,             )
10  individually and in his Official capacity as a  )
11  DETECTIVE of the WASHINGTON STATE               )
12  PATROL, and JANE DOE WILSON and the             )
13  marital community thereof; RONALD W.            )
14  SERPAS, individually and in his Official        )
15  capacity as the CHIEF of the WASHINGTON         )
16  STATE PATROL, and JANE DOE SERPAS               )
17  and the marital community thereof; DANIEL       )
18  E. EIKEM, individually and in his OFFICIAL      )
19  capacity as a CAPTAIN of the WASHINGTON         )
20  STATE PATROL, and JANE DOE EIKEM                )
21  and the marital community thereof; STEVEN       )
22  D. MCCULLEY, individually and in his Official)
23  capacity as a LIEUTENANT of the                 )
24  WASHINGTON STATE PATROL, and JANE               )
25  DOE MCCULLEY and the marital community          )
26  thereof; VANCE PROCTER; MANUFACTURER)
27  OF LESS LETHAL WEAPONRY DOES 1-100   )
28  DISTRIBUTOR and/or SALES AGENT OF LESS)
29  LETHAL WEAPONRY DOES 1-100 and DOES  )
30  1-500                                           )
31                                                  )
32      Defendants.                                 )
33  ───────────────────────────────                 )
34
35  ANDREW HEDDEN, AARON KULLER, JESSE JOHNSON,
36  JARRET PUTMAN, CAYLA M. CASIANI, GREGORY DUDLEY,
37  MACKENZIE HAMILTON, NICOLE MARIE BADE, JOHN W. DELACY,
38  CHRISTOPHER G. KONKEL, ANDREW S. DELL, DALE HARDWAY,
39  JOHN BUCKNER, BRUCE WHITMORE, JACK WHITEHORSE,
40  DAWN HARDIN, GRAHAM CLARK, TERRY BATTERSON, BRIDGET O'BRIEN-
41  SMITH, MICHAEL VARGAS, and ROGER STOCKER the Plaintiffs herein, by and
42  through their attorneys, allege as follows:
43

44                      **INTRODUCTION**

HEDDEN ET AL V. CITY OF SEATTLE, COMPLAINT                          10

1      I.1    Plaintiffs are citizens of Washington who attended a demonstration

2 which took place in downtown Seattle on the evening of June 2, 2003. The Plaintiffs

3 were there to protest the policies and actions of an organization called the Law

4 Enforcement Intelligence Unit (LEIU), which had gathered intelligence on lawful

5 activists, and or to record this protest for the media. All of the Plaintiffs exercised their

6 First Amendment rights by demonstrating peacefully, and or doing their duties as

7 members of the media in full accordance with the law. Yet, without provocation or

8 legitimate law enforcement purpose, and without reasonable or adequate warning, the

9 Seattle Police Department and its agents used excessive force against the Plaintiffs

10 and made an unreasonable seizure of the Plaintiffs by violating their rights under the

11 Fourth, and Fourteenth Amendments to the United States Constitution; and rights

12 under the Washington Constitution, the Seattle Police Department unreasonably

13 interfered with Plaintiffs' First Amendment Rights and as a result Plaintiffs were chilled

14 in the future exercise of their First Amendment Rights; and the Seattle Police

15 Department assaulted and battered Plaintiffs by 1) dousing them with chemical

16 weapons including OC, CS, CN combinations of these, and or similar agents sprayed

17 at close range directly into their faces and/or 2) shooting rubber bullets and other

18 projectiles including "wooden dowels", "flying batons", and "pepper-balls" at Plaintiffs

19 at close range, directly hitting many of the Plaintiffs, and/or 3) .Striking Plaintiffs with

20 hands, feet, batons, bicycles, and other instruments and/or 4) Damaging and or

21 seizing plaintiffs video cameras, still cameras, videotapes and film and/or 5) falsely

22 arresting Plaintiffs    These actions caused Plaintiffs serious physical and emotional

23 harm, detriment and suffering.

24      I.2    The Seattle Police Department has a pattern and practice of flagrantly

25 violating peaceful demonstrators' First Amendment Rights and using excessive force

26 in other demonstrations held in Seattle, Washington on a continuing and regular basis.

HEDDEN ET AL V. CITY OF SEATTLE, COMPLAINT             11

1.3    Plaintiffs seek compensatory and punitive damages along with injunctive relief and declaratory relief from the defendants pursuant to 42 USC § 1983, and compensatory damages from the City of Seattle pursuant to the Washington Tort Claims Act.

1.4    Plaintiffs seek injunctive relief in the form of a court ordered ban on the use of less lethal weaponry including chemical weapons, pepper-balls, rubber bullets, flying batons, wooden dowels, stinger ball grenades, flash bang grenades and other related items for crowd control of peaceful demonstrations.

## I. JURISDICTION

1. This court has jurisdiction over the subject matter of this action pursuant to Title 28, United States Code Sections 1331, 1332, 1343, and 1367, and venue is properly set in the Western District Federal Court pursuant to 28 U.S.C. 1391.

2. The claims upon which this suit is based occurred in this judicial district.

3. Plaintiffs are informed and believe, and on that basis allege, that each of the named Defendants, except for VANCE PROCTER who is a resident of Los Angeles County, California, reside in this judicial district, and all entity Defendants, except for the Law Enforcement Intelligence Unit, which is a registered California non-profit, are registered and do business in the District as their principal base of operations.

## II. PARTIES

1.1    Plaintiff ANDREW HEDDEN is a single male residing in the State of

1   Washington, County of Whatcom, in the Western District of Washington, who was

2   acting lawfully within his First Amendment Rights as a participant in a peaceful

3   permitted demonstration.  He was singled out for false arrest and illegal treatment

4   because he was known to the police as a demonstrator.  He suffered severe physical

5   and psychological harm, monetary loss, and the illegal loss of property as a direct

6   result.  The incidents herein alleged occurred in King County within the Western

7   District of Washington.

8          1.2 Plaintiff AARON KULLER is a single male residing in the State of

9   Washington, County of King, in the Western District of Washington, who was acting

10  lawfully within his First Amendment Rights as a participant in a peaceful permitted

11  demonstration.  He was singled out for false arrest and illegal treatment because he

12  was known to the police as a demonstrator. As a direct result, he suffered severe

13  physical and emotional harm, and was subjected to repeated harassment by

14  Defendant police agencies subsequently, resulting in additional harm.  The incidents

15  herein alleged occurred in King County within the Western District of Washington.

16         1.3 Plaintiff JESSE JOHNSON is a single man residing primarily in the State of

17  Washington, County of King, in the Western District of Washington, who was acting

18  lawfully within his First Amendment Rights as a journalist.  He was singled out for

19  arrest and excessive force because he, in his role as a journalist, videotaped the

20  illegal arrest of another individual.  His video camera and tapes were illegally seized

21  and never returned, even long after his charges were dismissed.  As a direct result of

22  all of the above, he suffered severe physical, psychological, and monetary injuries.

1    The incidents herein alleged occurred in King County within the Western District of

2    Washington.

3        1.4   Plaintiff JARRETT PUTMAN is a single male residing primarily in the State

4    of Washington, CITY OF SEATTLE, in the Western District of Washington, who was

5    acting lawfully within his First Amendment Rights as a demonstrator.  He engaged in

6    no illegal activity, rather the police repeatedly struck him from behind, and then simply

7    reached out and threw him behind the police line, and then cynically charged him with

8    charging the police line.  His charges were ultimately dismissed for lack of evidence.

9    The incidents herein alleged occurred in KING County within the Western District of

10   Washington.

11       1.5 Plaintiff CHRISTOPHER KONKEL is a single male residing primarily in the

12   State of Washington, County of Snohomish, in the Western District of Washington,

13   who was acting lawfully within his First Amendment Rights as a journalist.  He

14   engaged in no illegal activity, rather the police repeatedly without justification or

15   reason, grabbed his camera from behind and knocked it out of his hand, and then as

16   he reached for it pushed him to the ground and pinned him, causing severe physical

17   and psychological injuries.  His camera was severely damaged by the Seattle Police

18   Department.  His criminal charges were ultimately dismissed for lack of evidence.  The

19   incidents herein alleged occurred in KING County within the Western District of

20   Washington.

21       1.6  Plaintiff CAYLA M. CASIANI is a single female residing primarily in the

22   State of Washington, County of Whatcom, in the Western District of Washington, who

1    was acting lawfully within her First Amendment Rights as a demonstrator.  She was

2    repeatedly pepper sprayed, struck with fists, kicked, and clubbed, and hit with various

3    "less lethal" munitions without cause, and causing severe physical and psychological

4    injuries.  The incidents herein alleged occurred in KING County within the Western

5    District of Washington.

6         1.7 Plaintiff GREGORY DUDLEY is a single male residing primarily in the State

7    of Washington, County of Whatcom. He was repeatedly sprayed with chemical agents,

8    including OC, struck with fists, kicked, and clubbed, and hit with various "less lethal"

9    munitions without cause, and causing severe physical and psychological injuries,

10   including chemical burns over much of his body.  The incidents herein alleged

11   occurred in KING County within the Western District of Washington.

12        1.8  Plaintiff MACKENZIE HAMILTON is a single female residing primarily in the

13   State of Washington, County of Whatcom, in the Western District of Washington, who

14   was acting lawfully within her First Amendment Rights as a demonstrator.  She was

15   repeatedly sprayed with chemical agents including OC, without cause while walking

16   away from a police line in a lawful direction.  This spraying caused severe physical

17   and psychological injuries.  The incidents herein alleged occurred in KING County

18   within the Western District of Washington.

19        1.9  Plaintiff NICOLE MARIE BADE is a single female residing primarily in the

20   State of Washington, County of KING, City of Seattle, in the Western District of

21   Washington, who was acting lawfully within her First Amendment Rights as a medic.

22   She was providing medical attention to a victim of police violence when police officers

1   struck her and her patient from behind in the upper back and head with their batons

2   and drenched them in pepper spray without warning or cause, and causing severe

3   physical and psychological injuries. The incidents herein alleged occurred in KING

4   County within the Western District of Washington.

5       1.10 Plaintiff JOHN W. DELACY is a single male residing primarily in the State

6   of Washington, County of Thurston, in the Western District of Washington, who was

7   acting lawfully within his First Amendment Rights as a demonstrator. He was struck

8   repeatedly by an officer using a bicycle as a club, and then pepper sprayed

9   intentionally in the face, and while he was fleeing the spray lawfully, blind from the first

10  burst, was sprayed again, causing severe physical and psychological injuries. The

11  incidents herein alleged occurred in KING County within the Western District of

12  Washington.

13      1.11  Plaintiff ANDREW S. DELL, is a single male residing primarily in the State

14  of Washington, County of KING, City of Seattle, in the Western District of Washington,

15  who was acting lawfully within his First Amendment Rights as a demonstrator. He

16  was, while trying to flee from generally directed pepper spray and tear gas, struck and

17  thrown to the ground by an officer without cause or warning. When he tried to get up,

18  he was grabbed, lifted, slammed to the sidewalk on top of bicycles that were lying on

19  the ground and choked at length, and finally sat on by multiple officers who then

20  arrested him, falsely claiming that he had attacked a police car. The charges were

21  subsequently dismissed. The tortuous conduct of the involved officers caused severe

22  and ongoing physical and psychological injuries. The incidents herein alleged

1    occurred in KING County within the Western District of Washington.

2        1.12 Plaintiff DALE HARDAWAY, is a single male residing primarily in the State

3    of Washington, County of King, City of Seattle, in the Western District of Washington,

4    who was acting lawfully within his First Amendment Rights as a demonstrator.  He was

5    slammed to the ground by a plain clothed Seattle Police Officer without cause or

6    warning, causing severe physical and psychological injuries.  The incidents herein

7    alleged occurred in KING County within the Western District of Washington.

8        1.13 Plaintiff Dr. JOHN BUCKNER is a married male residing primarily in the

9    State of Washington, County of King, City of Seattle, in the Western District of

10   Washington, who was acting lawfully within his First Amendment Rights as a

11   demonstrator.  He was sprayed in the face with pepper spray, and blinded by that

12   spray and the effect of pepper spray shells exploding next to him without cause or

13   warning, causing severe physical and psychological injuries.  The incidents herein

14   alleged occurred in KING County within the Western District of Washington.

15       1.14 Plaintiff BRUCE WHITMORE is a single male residing primarily in the

16   State of Washington, County of King, City of Seattle, in the Western District of

17   Washington, who was acting lawfully within his First Amendment Rights as a

18   demonstrator.  He was pepper sprayed twice full in the face, without warning or cause,

19   and hit in the front once and in the back four times with less lethal projectiles, causing

20   severe physical and psychological injuries.  The incidents herein alleged occurred in

21   KING County within the Western District of Washington.

22       1.15  Plaintiff JACK WHITEHORSE is a single male residing primarily in the

HEDDEN ET AL. V. CITY OF SEATTLE, COMPLAINT                                    17

1  State of Washington, County of King, City of Seattle, in the Western District of

2  Washington, who was acting lawfully within his First Amendment Rights as a

3  demonstrator.  He was shot once ion the calf with a less lethal projectile, as he was

4  walking away from the police line and obeying all police orders, the projectile caused

5  severe and lingering physical and psychological injuries.  The incidents herein alleged

6  occurred in KING County within the Western District of Washington.

7       1.16   Plaintiff BRIGET O'BRIEN-SMITH is a single female residing primarily in

8  the State of Washington, County of King, City of Seattle, in the Western District of

9  Washington, who was acting lawfully within her First Amendment Rights as a

10  demonstrator.  She was violently falsely arrested and assaulted while observing

11  another false arrest, causing severe physical and psychological injuries.  The incidents

12  herein alleged occurred in KING County within the Western District of Washington.

13       1.17 Plaintiff DAWN HARDIN is a single female residing primarily in the State

14  of Washington, County of King, City of Seattle, in the Western District of Washington,

15  who was acting lawfully within her First Amendment Rights as a demonstrator.  She

16  was violently falsely arrested and assaulted while observing another false arrest,

17  causing severe physical and psychological injuries as well as unnecessary damage to

18  her personal property.  The incidents herein alleged occurred in KING County within

19  the Western District of Washington.

20       1.18   Plaintiff TERRY BATTERSON is a single male, residing primarily in the

21  State of Washington, County of King, City of Seattle, in the Western District of

22  Washington, who was acting lawfully within his First Amendment Rights as a journalist

*HEDDEN ET AL V. CITY OF SEATTLE, COMPLAINT*                                        18

1   and as a demonstrator.  While videotaping the illegal and unjustified arrest of two

2   demonstrators at a related demonstration on June 5, 2003, he was violently falsely

3   arrested and assaulted, in retaliation for his videotaping of the other arrests, causing

4   severe physical and psychological injuries.  The incidents herein alleged occurred in

5   KING County within the Western District of Washington

6       1.19 Plaintiff GRAHAM CLARK, is a single male, residing primarily in the State

7   of Washington, County of Whatcom, in the Western District of Washington, who was

8   acting lawfully within his First Amendment Rights as a demonstrator, who was

9   repeatedly sprayed with copious and gratuitous amounts of pepper spray and shot

10  twice with less lethal munitions, suffering severe physical and psychological injuries.

11  The incidents herein alleged occurred in KING County within the Western District of

12  Washington.

13      1.20  Plaintiff MICHAEL VARGAS, is a single male, residing primarily in the

14  State of Washington, County of Whatcom, in the Western District of Washington, who

15  was acting lawfully within his First Amendment Rights as a journalist, and who was

16  falsely arrested specifically to enable the police to seize and convert his videotape, the

17  tool and evidence of his trade and assaulted in addition to and during the course of his

18  false arrest, and suffering severe physical, monetary and psychological injuries.  The

19  incidents herein alleged occurred in KING County within the Western District of

20  Washington.

21      1.21 Plaintiff ROGER STOCKER is a male residing primarily in the State of

22  Washington, County of King, in the Western District of Washington, who was acting

1   lawfully within his First Amendment Rights attending the demonstration on June 2,

2   2003, and acting as a Peacekeeper at same.  While lawfully complying with the

3   demands of the police, and helping to return the demonstrators to Westlake, was

4   subjected to barrages of less lethal weaponry in front of Fourth Avenue, the blasts of

5   which knocked people to their feet.  Stocker was also exposed to chemical agents.

6   Because of these he suffered physical and psychological injuries.  The incidents

7   herein alleged occurred in KING County within the Western District of Washington.

8

9       2.0   The CITY OF SEATTLE is a municipal corporation located within the

10  Western District of Washington, and organized under the laws of the State of

11  Washington.  The SEATTLE POLICE DEPARTMENT is a sub-entity of the CITY OF

12  SEATTLE.

13      2.1   The TUKWILLA POLICE DEPARTMENT is a sub-entity of the City of

14  Tukwilla, a municipal corporation located within the Western District of Washington,

15  and organized under the laws of the State of Washington.

16      2.2 The BURIEN POLICE DEPARTMENT is a sub-entity of the City of Burien, a

17  municipal corporation located within the Western District of Washington, and

18  organized under the laws of the State of Washington.

19      2.3 The RENTON POLICE DEPARTMENT is a sub-entity of the City of Renton,

20  a municipal corporation located within the Western District of Washington, and

21  organized under the laws of the State of Washington.

22      2.4 The REDMOND POLICE DEPARTMENT is a sub-entity of the City of

1   Redmond, a municipal corporation located within the Western District of Washington,

2   and organized under the laws of the State of Washington.

3       2.5   The KING COUNTY SHERIFF'S OFFICE is a sub-entity of the COUNTY

4   OF KING, a municipal corporation located within the Western District of Washington,

5   and organized under the laws of the State of Washington.

6       2.6   The LAW ENFORCEMENT INTELLIGENCE UNIT, herein after referred to

7   as the LEIU, is a private non-profit, registered in California, made up virtually entirely

8   of public employees of law enforcement agencies, that does substantial business in

9   Washington, and reasonably and purposely avails itself of the laws of the State of

10   *Washington, and was purposefully involved in the incidents herein alleged, and*

11   therefore is subject to the jurisdiction of this court.

12       2.7   Captain MICHAEL SANFORD and Jane Doe SANFORD constitute a

13   marital community under the laws of the State of Washington and upon belief reside

14   within KING County within the Western District of Washington State.  Upon belief,

15   MICHAEL SANFORD was at the time of the injuries complained of in this complaint,

16   an employee and/or agent of the CITY OF SEATTLE and the SEATTLE POLICE

17   DEPARTMENT acting within the scope of his duties as a CAPATIN of the SEATTLE

18   POLICE DEPARTMENT, AND AS THE INCIDENT COMMANDER for the event in

19   question.

20       2.8 R. GIL KERLIKOWSKE and Jane Doe KERLIKOWSKE constitute a marital

21   community under the laws of the State of Washington and upon belief reside within

22   KING County within the Western District of Washington State.  Upon belief, Mike Ware

HEDDEN ET AL V. CITY OF SEATTLE, COMPLAINT                                    21

1  was at the time of the injuries complained of in this complaint, an employee and/or

2  agent of the CITY OF SEATTLE and the SEATTLE POLICE DEPARTMENT acting

3  within the scope of his duties as the CHIEF of the SEATTLE POLICE DEPARTMENT

4      2.9    DEPUTY CHIEF CLARK KIMERER and JANE DOE KIMERER

5  constitute a marital community under the laws of the State of Washington and upon

6  belief reside within KING County within the Western District of Washington State.

7  Upon belief, CLARK KIMERER was at the time of the injuries complained of in this

8  complaint, an employee and/or agent of the CITY OF SEATTLE and the SEATTLE

9  POLICE DEPARTMENT acting within the scope of his duties as a DEPUTY CHIEF of

10  the SEATTLE POLICE DEPARTMENT.

11      2.10   ASSISTANT CHIEF JIM PUGEL and JANE DOE PUGEL constitute a

12  marital community under the laws of the State of Washington and upon belief reside

13  within KING County within the Western District of Washington State.  Upon belief, Tim

14  JANE DOE PUGEL was at the time of the injuries complained of in this complaint, an

15  employee and/or agent of the CITY OF SEATTLE and the SEATTLE POLICE

16  DEPARTMENT acting within the scope of his duties as an ASSISTANT CHIEF of the

17  SEATTLE POLICE DEPARTMENT.

18      2.11   LIEUTENANT STEVE WILSKE and JANE DOE WILSKE constitute a

19  marital community under the laws of the State of Washington and upon belief reside

20  within KING County within the Western District of Washington State.  Upon belief,

21  STEVE WILSKE was at the time of the injuries complained of in this complaint, an

22  employee and/or agent of the CITY OF SEATTLE and the SEATTLE POLICE

1   DEPARTMENT acting within the scope of his duties as a LIEUTENANT of the

2   SEATTLE POLICE DEPARTMENT.

3       2.12   SERGEANT J.K. DYMENT and JOHN DOE DYMENT constitute a

4   marital community under the laws of the State of Washington and upon belief reside

5   within KING County within the Western District of Washington State.  Upon belief, J.K.

6   DYMENT was at the time of the injuries complained of in this complaint, an employee

7   and/or agent of the CITY OF SEATTLE and the SEATTLE POLICE DEPARTMENT,

8   acting within the scope of her duties as a SERGEANT of the SEATTLE POLICE

9   DEPARTMENT.

10       2.13   SERGEANT A.C. PRICE and JANE DOE PRICE constitute a marital

11   community under the laws of the State of Washington and upon belief reside within

12   KING County within the Western District of Washington State.  Upon belief, A.C

13   PRICE was at the time of the injuries complained of in this complaint, an employee

14   and/or agent of the CITY OF SEATTLE acting within the scope of his duties as a

15   SERGEANT of the SEATTLE POLICE DEPARTMENT.

16       2.14   LIEUTENANT G. CALDER and JANE DOE CALDER constitute a marital

17   community under the laws of the State of Washington and upon belief reside within

18   KING County within the Western District of Washington State.  Upon belief, G.

19   CALDER was at the time of the injuries complained of in this complaint, an employee

20   and/or agent of the CITY OF SEATTLE acting within the scope of his duties as a

21   LIEUTENANT of the SEATTLE POLICE DEPARTMENT.

22       2.15   LIEUTENANT J.J. JANKAUSKAS and JANE DOE JANKAUSKAS

HEDDEN ET AL V. CITY OF SEATTLE, COMPLAINT                                      23

1    constitute a marital community under the laws of the State of Washington and upon

2    belief reside within KING County within the Western District of Washington State.

3    Upon belief, J.J. JANKAUSKAS was at the time of the injuries complained of in this

4    complaint, an employee and/or agent of the CITY OF SEATTLE acting within the

5    scope of his duties as a LIEUTENANT of the SEATTLE POLICE DEPARTMENT.

6        2.16   SERGEANT M.A. COOMES and JANE DOE COOMES constitute a

7    marital community under the laws of the State of Washington and upon belief reside

8    within KING County within the Western District of Washington State.  Upon belief,

9    M.A. COOMES was at the time of the injuries complained of in this complaint, an

10   employee and/or agent of the CITY OF SEATTLE acting within the scope of his duties

11   as a SERGEANT of the SEATTLE POLICE DEPARTMENT.

12       2.17   SERGEANT D.R. LOWE and JANE DOE LOWE constitute a marital

13   community under the laws of the State of Washington and upon belief reside within

14   KING County within the Western District of Washington State.  Upon belief, D.R.

15   LOWE was at the time of the injuries complained of in this complaint, an employee

16   and/or agent of the CITY OF SEATTLE acting within the scope of his duties as a

17   SERGEANT of the SEATTLE POLICE DEPARTMENT.

18       2.18   SERGEANT J.J. MAGAN and JANE DOE MAGAN constitute a marital

19   community under the laws of the State of Washington and upon belief reside within

20   KING County within the Western District of Washington State.  Upon belief, J.J.

21   MAGAN was at the time of the injuries complained of in this complaint, an employee

22   and/or agent of the CITY OF SEATTLE acting within the scope of his duties as a

1    SERGEANT of the SEATTLE POLICE DEPARTMENT.

2        2.19   SERGEANT BRADY and JANE DOE BRADY constitute a marital

3    community under the laws of the State of Washington and upon belief reside within

4    KING County within the Western District of Washington State.  Upon belief, SGT.

5    BRADY was at the time of the injuries complained of in this complaint, an employee

6    and/or agent of the CITY OF SEATTLE acting within the scope of his duties as a

7    SERGEANT of the SEATTLE POLICE DEPARTMENT.

8        2.20   SERGEANT BROTHERTON and JANE DOE BROTHERTON constitute

9    a marital community under the laws of the State of Washington and upon belief reside

10   within KING County within the Western District of Washington State.  Upon belief,

11   SGT. BROTHERTON was at the time of the injuries complained of in this complaint,

12   an employee and/or agent of the CITY OF SEATTLE acting within the scope of his

13   duties as a SERGEANT of the SEATTLE POLICE DEPARTMENT.

14       2.21   DETECTIVE R. ROMERO and JANE DOE ROMERO constitute a marital

15   community under the laws of the State of Washington and upon belief reside within

16   KING County within the Western District of Washington State.  Upon belief, R.

17   ROMERO was at the time of the injuries complained of in this complaint, an employee

18   and/or agent of the CITY OF SEATTLE acting within the scope of his duties as a

19   DETECTIVE of the SEATTLE POLICE DEPARTMENT.

20       2.22   P.C. WALL and JANE DOE WALL constitute a marital community under

21   the laws of the State of Washington and upon belief reside within KING County within

22   the Western District of Washington State.  Upon belief, P.C. WALL was at the time of

HEDDEN ET AL V. CITY OF SEATTLE, COMPLAINT                              25

1   the injuries complained of in this complaint, an employee and/or agent of the CITY OF

2   SEATTLE acting within the scope of his duties as an OFFICER of the SEATTLE

3   POLICE DEPARTMENT.

4       2.23   D.D. DARNALL and JANE DOE DARNALL constitute a marital

5   community under the laws of the State of Washington and upon belief reside within

6   KING County within the Western District of Washington State.  Upon belief, D.D.

7   DARNAL was at the time of the injuries complained of in this complaint, an employee

8   and/or agent of the CITY OF SEATTLE acting within the scope of his duties as an

9   OFFICER of the SEATTLE POLICE DEPARTMENT.

10      2.24   R. NELSON and JANE DOE NELSON constitute a marital community

11  under the laws of the State of Washington and upon belief reside within KING County

12  within the Western District of Washington State.  Upon belief, R. NELSON was at the

13  time of the injuries complained of in this complaint, an employee and/or agent of the

14  CITY OF SEATTLE acting within the scope of his duties as an OFFICER of the

15  SEATTLE POLICE DEPARTMENT.

16      2.25   G. NELSON and JANE DOE NELSON constitute a marital community

17  under the laws of the State of Washington and upon belief reside within KING County

18  within the Western District of Washington State.  Upon belief, G. NELSON was at the

19  time of the injuries complained of in this complaint, an employee and/or agent of the

20  CITY OF SEATTLE acting within the scope of his duties as a SERGEANT of the

21  SEATTLE POLICE DEPARTMENT.

22      2.26   MATTHEW M. DIESZI and JANE DOE DIESZI constitute a marital

1   community under the laws of the State of Washington and upon belief reside within

2   KING County within the Western District of Washington State.  Upon belief,

3   MATTHEW M. DIESZI was at the time of the injuries complained of in this complaint,

4   an employee and/or agent of the CITY OF SEATTLE acting within the scope of his

5   duties as an OFFICER of the SEATTLE POLICE DEPARTMENT.

6       2.27   K. SWANK and JANE DOE SWANK constitute a marital community

7   under the laws of the State of Washington and upon belief reside within KING County

8   within the Western District of Washington State.  Upon belief, K. SWANK was at the

9   time of the injuries complained of in this complaint, an employee and/or agent of the

10   CITY OF SEATTLE acting within the scope of his duties as an OFFICER of the

11   SEATTLE POLICE DEPARTMENT.

12       2.28   TAD K. WILLOUGHBY and JANE DOE WILLOUGHBY constitute a

13   marital community under the laws of the State of Washington and upon belief reside

14   within KING County within the Western District of Washington State.  Upon belief,

15   TAD K. WILLOUGHBY was at the time of the injuries complained of in this complaint,

16   an employee and/or agent of the CITY OF SEATTLE acting within the scope of his

17   duties as an OFFICER of the SEATTLE POLICE DEPARTMENT.

18       2.29   MICHAEL WHIDBEY and JANE DOE WHIDBEY constitute a marital

19   community under the laws of the State of Washington and upon belief reside within

20   KING County within the Western District of Washington State.  Upon belief, MICHAEL

21   WHIDBEY was at the time of the injuries complained of in this complaint, an employee

22   and/or agent of the CITY OF SEATTLE acting within the scope of his duties as a

1    DETECTIVE of the SEATTLE POLICE DEPARTMENT.

2        2.30   VERNER O'QUIN and JANE DOE O'QUIN constitute a marital

3    community under the laws of the State of Washington and upon belief reside within

4    KING County within the Western District of Washington State.  Upon belief, VERNER

5    O'QUIN was at the time of the injuries complained of in this complaint, an employee

6    and/or agent of the CITY OF SEATTLE acting within the scope of his duties as a

7    SERGEANT of the SEATTLE POLICE DEPARTMENT.

8        2.31   SGT. JANDOC and JANE DOE JANDOC constitute a marital community

9    under the laws of the State of Washington and upon belief reside within KING County

10    within the Western District of Washington State.  Upon belief, SGT. JANDOC was at

11    the time of the injuries complained of in this complaint, an employee and/or agent of

12    the CITY OF SEATTLE acting within the scope of his duties as a SERGEANT of the

13    SEATTLE POLICE DEPARTMENT.

14        2.32   OFFICER LANDERS and JANE DOE LANDERS constitute a marital

15    community under the laws of the State of Washington and upon belief reside within

16    KING County within the Western District of Washington State.  Upon belief, OFFICER

17    LANDERS was at the time of the injuries complained of in this complaint, an employee

18    and/or agent of the CITY OF SEATTLE acting within the scope of his duties as an

19    OFFICER of the SEATTLE POLICE DEPARTMENT.

20        2.33   LOREN R. STREET and JANE DOE STREET constitute a marital

21    community under the laws of the State of Washington and upon belief reside within

22    KING County within the Western District of Washington State.  Upon belief, LOREN R.

1  STREET was at the time of the injuries complained of in this complaint, an employee

2  and/or agent of the CITY OF SEATTLE acting within the scope of his duties as an

3  OFFICER of the SEATTLE POLICE DEPARTMENT.

4      2.34   P.J. FOX and JANE DOE FOX constitute a marital community under the

5  laws of the State of Washington and upon belief reside within KING County within the

6  Western District of Washington State.  Upon belief, P.J. FOX was at the time of the

7  injuries complained of in this complaint, an employee and/or agent of the CITY OF

8  SEATTLE acting within the scope of his duties as an OFFICER of the SEATTLE

9  POLICE DEPARTMENT.

10      2.35   THOMAS M. MOONEY and JANE DOE MOONEY constitute a marital

11  community under the laws of the State of Washington and upon belief reside within

12  KING County within the Western District of Washington State.  Upon belief, THOMAS

13  M. MOONEY was at the time of the injuries complained of in this complaint, an

14  employee and/or agent of the CITY OF SEATTLE acting within the scope of his duties

15  as an OFFICER of the SEATTLE POLICE DEPARTMENT.

16      2.36   K. ZEIGER and JANE DOE K. ZEIGER constitute a marital community

17  under the laws of the State of Washington and upon belief reside within KING County

18  within the Western District of Washington State.  Upon belief, K. ZEIGER was at the

19  time of the injuries complained of in this complaint, an employee and/or agent of the

20  CITY OF SEATTLE acting within the scope of his duties as an OFFICER of the

21  SEATTLE POLICE DEPARTMENT.

22      2.37   J.J. LEE and JANE DOE LEE constitute a marital community under the

1     laws of the State of Washington and upon belief reside within KING County within the

2     Western District of Washington State. Upon belief, J.J. LEE was at the time of the

3     injuries complained of in this complaint, an employee and/or agent of the CITY OF

4     SEATTLE acting within the scope of his duties as an OFFICER of the SEATTLE

5     POLICE DEPARTMENT.

6         2.38    RIK K. HALL and JANE DOE HALL constitute a marital community under

7     the laws of the State of Washington and upon belief reside within KING County within

8     the Western District of Washington State. Upon belief, RIK K. HALL was at the time of

9     the injuries complained of in this complaint, an employee and/or agent of the CITY OF

10     SEATTLE acting within the scope of his duties as an OFFICER of the SEATTLE

11     POLICE DEPARTMENT.

12         2.39    M. LANZ and JANE DOE LANZ constitute a marital community under

13     the laws of the State of Washington and upon belief reside within KING County within

14     the Western District of Washington State. Upon belief, M. LANZ was at the time of the

15     injuries complained of in this complaint, an employee and/or agent of the CITY OF

16     SEATTLE acting within the scope of his duties as an OFFICER of the SEATTLE

17     POLICE DEPARTMENT.

18         2.40    PATRICIA A. MACDONALD and JOHN DOE MACDONALD constitute a

19     marital community under the laws of the State of Washington and upon belief reside

20     within KING County within the Western District of Washington State. Upon belief,

21     PATRICIA A. MACDONALD was at the time of the injuries complained of in this

22     complaint, an employee and/or agent of the CITY OF SEATTLE acting within the

1    scope of her duties as an OFFICER of the SEATTLE POLICE DEPARTMENT.

2        2.41   WALTER M. HAYDEN and JANE DOE HAYDEN constitute a marital

3    community under the laws of the State of Washington and upon belief reside within

4    KING County within the Western District of Washington State.  Upon belief, WALTER

5    M. HAYDEN was at the time of the injuries complained of in this complaint, an

6    employee and/or agent of the CITY OF SEATTLE acting within the scope of his duties

7    as an OFFICER of the SEATTLE POLICE DEPARTMENT.

8        2.42   MARK A. GRINSTEAD and JANE DOE GRINSTEAD constitute a marital

9    community under the laws of the State of Washington and upon belief reside within

10   KING County within the Western District of Washington State.  Upon belief, MARK A.

11   GRINSTEAD was at the time of the injuries complained of in this complaint, an

12   employee and/or agent of the CITY OF SEATTLE acting within the scope of his duties

13   as an OFFICER of the SEATTLE POLICE DEPARTMENT.

14       2.43   TOMMIE M. DORAN and JANE DOE DORAN constitute a marital

15   community under the laws of the State of Washington and upon belief reside within

16   KING County within the Western District of Washington State.  Upon belief, TOMMIE

17   M. MORAN was at the time of the injuries complained of in this complaint, an

18   employee and/or agent of the CITY OF SEATTLE acting within the scope of his duties

19   as an OFFICER of the SEATTLE POLICE DEPARTMENT.

20       2.44   ADRAIN Z. DIAZ and JANE DOE DIAZ constitute a marital community

21   under the laws of the State of Washington and upon belief reside within KING County

22   within the Western District of Washington State.  Upon belief, ADIAN Z. DIAZ was at

1    the time of the injuries complained of in this complaint, an employee and/or agent of

2    the CITY OF SEATTLE acting within the scope of his duties as a SERGEANT of the

3    SEATTLE POLICE DEPARTMENT.

4        2.45    CHAD L. MCLAUGHLIN and JANE DOE MCLAUGHLIN constitute a

5    marital community under the laws of the State of Washington and upon belief reside

6    within KING County within the Western District of Washington State.  Upon belief,

7    CHAD L. MCLAUGHLIN was at the time of the injuries complained of in this complaint,

8    an employee and/or agent of the CITY OF SEATTLE acting within the scope of his

9    duties as an OFFICER of the SEATTLE POLICE DEPARTMENT.

10       2.46    BRAD CONWAY and JANE DOE CONWAY constitute a marital

11   community under the laws of the State of Washington and upon belief reside within

12   KING County within the Western District of Washington State.  Upon belief, BRAD

13   CONWAY was at the time of the injuries complained of in this complaint, an employee

14   and/or agent of the CITY OF SEATTLE acting within the scope of his duties as an

15   OFFICER of the SEATTLE POLICE DEPARTMENT.

16       2.47    MATTHEW BRADRICK and JANE DOE BRADRICK constitute a marital

17   community under the laws of the State of Washington and upon belief reside within

18   KING County within the Western District of Washington State.  Upon belief,

19   MATTHEW BRADRICK was at the time of the injuries complained of in this complaint,

20   an employee and/or agent of the CITY OF SEATTLE acting within the scope of his

21   duties as an OFFICER of the SEATTLE POLICE DEPARTMENT.

22       2.48    DAVID FITZGERALD and JANE DOE FITZGERALD constitute a marital

1   community under the laws of the State of Washington and upon belief reside within

2   KING County within the Western District of Washington State.  Upon belief, DAVID

3   FITZGERALD was at the time of the injuries complained of in this complaint, an

4   employee and/or agent of the CITY OF SEATTLE acting within the scope of his duties

5   as an OFFICER of the SEATTLE POLICE DEPARTMENT.

6       2.49   RANDALL A. JOKELA and JANE DOE JOKELA constitute a marital

7   community under the laws of the State of Washington and upon belief reside within

8   KING County within the Western District of Washington State.  Upon belief, RANDALL

9   A. JOKELA was at the time of the injuries complained of in this complaint, an

10  employee and/or agent of the CITY OF SEATTLE acting within the scope of his duties

11  as an OFFICER of the SEATTLE POLICE DEPARTMENT.

12      2.50   GEORGE HISSUNG, JR. AND JANE DOE HISSUNG constitute a marital

13  community under the laws of the State of Washington and upon belief reside within

14  KING County within the Western District of Washington State.  Upon belief, GEORGE

15  HISSUNG, JR. was at the time of the injuries complained of in this complaint, an

16  employee and/or agent of the CITY OF SEATTLE acting within the scope of his duties

17  as an OFFICER of the SEATTLE POLICE DEPARTMENT.

18      2.51   JASON G. DRUMMOND AND JANE DOE DRUMMOND constitutes a

19  marital community under the laws of the State of Washington and upon belief resides

20  within KING County within the Western District of Washington State.  Upon belief,

21  JASON G. DRUMMOND was at the time of the injuries complained of in this

22  complaint, an employee and/or agent of the CITY OF SEATTLE acting within the

HEDDEN ET AL V. CITY OF SEATTLE, COMPLAINT                                    33

1    scope of his duties as an OFFICER of the SEATTLE POLICE DEPARTMENT.

2         2.52    JOHN A. DIAZ and JANE DOE DIAZ constitute a marital community

3    under the laws of the State of Washington and upon belief reside within KING County

4    within the Western District of Washington State.  Upon belief, JOHN A. DIAZ was at

5    the time of the injuries complained of in this complaint, an employee and/or agent of

6    the CITY OF SEATTLE acting within the scope of his duties as an OFFICER of the

7    SEATTLE POLICE DEPARTMENT.

8         2.53    OFFICER MCCRAE and JANE DOE MCCRAE constitute a marital

9    community under the laws of the State of Washington and upon belief reside within

10   KING County within the Western District of Washington State.  Upon belief, OFFICER

11   MCCRAE was at the time of the injuries complained of in this complaint, an employee

12   and/or agent of the CITY OF SEATTLE acting within the scope of his duties as an

13   OFFICER of the SEATTLE POLICE DEPARTMENT.

14        2.54    JAMES B. PATCHEN and JANE DOE PATCHEN constitute a marital

15   community under the laws of the State of Washington and upon belief reside within

16   KING County within the Western District of Washington State.  Upon belief, JAMES B.

17   PATCHEN was at the time of the injuries complained of in this complaint, an employee

18   and/or agent of the CITY OF SEATTLE acting within the scope of his duties as an

19   OFFICER of the SEATTLE POLICE DEPARTMENT.

20        2.55    MICHAEL M. SUDDUTH and JANE DOE SUDDUTH constitute a marital

21   community under the laws of the State of Washington and upon belief reside within

22   KING County within the Western District of Washington State.  Upon belief, MICHAEL

1   M. SUDDUTH was at the time of the injuries complained of in this complaint, an

2   employee and/or agent of the CITY OF SEATTLE acting within the scope of his duties

3   as an OFFICER of the SEATTLE POLICE DEPARTMENT.

4       2.56   WILLIE WILLIAMS and JANE DOE WILLIAMS constitute a marital

5   community under the laws of the State of Washington and upon belief reside within

6   KING County within the Western District of Washington State.  Upon belief, WILLIE

7   WILLIAMS was at the time of the injuries complained of in this complaint, an employee

8   and/or agent of the CITY OF SEATTLE acting within the scope of his duties as an

9   OFFICER of the SEATTLE POLICE DEPARTMENT.

10       2.57   W. CRAVENS and JANE DOE CRAVENS constitute a marital

11   community under the laws of the State of Washington and upon belief reside within

12   KING County within the Western District of Washington State.  Upon belief, W.

13   CRAVENS was at the time of the injuries complained of in this complaint, an employee

14   and/or agent of the CITY OF SEATTLE acting within the scope of his duties as an

15   OFFICER of the SEATTLE POLICE DEPARTMENT.

16       2.58   R. BOURNES and JANE DOE BOURNES constitute a marital

17   community under the laws of the State of Washington and upon belief reside within

18   KING County within the Western District of Washington State.  Upon belief, R.

19   BOURNES was at the time of the injuries complained of in this complaint, an

20   employee and/or agent of the CITY OF SEATTLE acting within the scope of his duties

21   as an OFFICER of the SEATTLE POLICE DEPARTMENT.

22       2.59   MARK L. WORSTMAN and JANE DOE WORSTMAN constitute a

HEDDEN ET AL V. CITY OF SEATTLE, COMPLAINT                                    35

1  marital community under the laws of the State of Washington and upon belief reside

2  within KING County within the Western District of Washington State.  Upon belief,

3  MARK L. WORSTMAN was at the time of the injuries complained of in this complaint,

4  an employee and/or agent of the CITY OF SEATTLE acting within the scope of his

5  duties as a SERGEANT of the SEATTLE POLICE DEPARTMENT.

6       2.60   BILL GARDINER and JANE DOE GARDINER constitute a marital

7  community under the laws of the State of Washington and upon belief reside within

8  KING County within the Western District of Washington State.  Upon belief, BILL

9  GARDINER was at the time of the injuries complained of in this complaint, under a

10  material aid agreement an employee and/or agent of the CITY OF SEATTLE acting

11  within the scope of his duties as a LIEUTENANT of the WASHINGTON STATE

12  PATROL.

13       2.61   MARK W. LAMOREAUX and JANE DOE LAMOREAUX constitute a

14  marital community under the laws of the State of Washington and upon belief reside

15  within KING County within the Western District of Washington State.  Upon belief,

16  MARK W. LAMOREAUX was at the time of the injuries complained of in this

17  complaint, under a material aid agreement an employee and/or agent of the CITY OF

18  SEATTLE acting within the scope of his duties as a LIEUTENANT of the

19  WASHINGTON STATE PATROL.

20       2.62   SHAWN BERRY and JANE DOE BERRY constitute a marital community

21  under the laws of the State of Washington and upon belief reside within KING County

22  within the Western District of Washington State.  Upon belief, SHAWN BERRY was at

1    the time of the injuries complained of in this complaint, under a material aid agreement

2    an employee and/or agent of the CITY OF SEATTLE acting within the scope of his

3    duties as a DETECTIVE of the WASHINGTON STATE PATROL.

4         2.63    JAMES A. CHROMEY and JANE DOE CHROMEY constitute a marital

5    community under the laws of the State of Washington and upon belief reside within

6    KING County within the Western District of Washington State.  Upon belief, JAMES A.

7    CHROMEY was at the time of the injuries complained of in this complaint, under a

8    material aid agreement an employee and/or agent of the CITY OF SEATTLE acting

9    within the scope of his duties as a LIEUTENANT of the WASHINGTON STATE

10   PATROL.

11        2.64    DAVID W. BOURLAND and JANE DOE BOURLAND constitute a marital

12   community under the laws of the State of Washington and upon belief reside within

13   KING County within the Western District of Washington State.  Upon belief, DAVID W.

14   BOURLAND was at the time of the injuries complained of in this complaint, under a

15   material aid agreement an employee and/or agent of the CITY OF SEATTLE acting

16   within the scope of his duties as a TROOPER of the WASHINGTON STATE

17   PATROL.

18        2.65    CURT G. BOYLE and JANE DOE BOYLE constitute a marital

19   community under the laws of the State of Washington and upon belief reside within

20   KING County within the Western District of Washington State.  Upon belief, CURT G.

21   BOYLE was at the time of the injuries complained of in this complaint, under a

22   material aid agreement an employee and/or agent of the CITY OF SEATTLE acting

1   within the scope of his duties as a TROOPER of the WASHINGTON STATE

2   PATROL.

3       2.66   RICARDO BRITO and JANE DOE BRITO constitute a marital

4   community under the laws of the State of Washington and upon belief reside within

5   KING County within the Western District of Washington State.  Upon belief, RICARDO

6   BRITO was at the time of the injuries complained of in this complaint, under a material

7   aid agreement an employee and/or agent of the CITY OF SEATTLE acting within the

8   scope of his duties as a TROOPER of the WASHINGTON STATE PATROL.

9       2.67   DARIN F. DE RUWE and JANE DOE DE RUWE constitute a marital

10  community under the laws of the State of Washington and upon belief reside within

11  KING County within the Western District of Washington State.  Upon belief, DARIN F.

12  DE RUWE was at the time of the injuries complained of in this complaint, under a

13  material aid agreement an employee and/or agent of the CITY OF SEATTLE acting

14  within the scope of his duties as a TROOPER of the WASHINGTON STATE

15  PATROL.

16      2.68   BRYAN R. DUCOMMUN and JANE DOE DUCOMMUN constitute a

17  marital community under the laws of the State of Washington and upon belief reside

18  within KING County within the Western District of Washington State.  Upon belief,

19  BRYAN R. DUCOMMUN was at the time of the injuries complained of in this

20  complaint, under a material aid agreement an employee and/or agent of the CITY OF

21  SEATTLE acting within the scope of his duties as a TROOPER of the WASHINGTON

22  STATE PATROL.

1       2.69    ANN E. DUTTON and JOHN DOE DUTTON constitute a marital

2   community under the laws of the State of Washington and upon belief reside within

3   KING County within the Western District of Washington State.  Upon belief, ANN E.

4   DUTTON was at the time of the injuries complained of in this complaint, under a

5   material aid agreement an employee and/or agent of the CITY OF SEATTLE acting

6   within the scope of her duties as a DETECTIVE of the WASHINGTON STATE

7   PATROL.

8       2.70    KEVIN L. FORRESTER and JANE DOE FORRESTER constitute a

9   marital community under the laws of the State of Washington and upon belief reside

10  within KING County within the Western District of Washington State.  Upon belief,

11  KEVIN L. FORRESTER was, at the time of the injuries complained of in this complaint,

12  under a material aid agreement an employee and/or agent of the CITY OF SEATTLE

13  acting within the scope of his duties as a DETECTIVE of the WASHINGTON STATE

14  PATROL.

15      2.71    JOEL W. GORDON and JANE DOE GORDON constitute a marital

16  community under the laws of the State of Washington and upon belief reside within

17  KING County within the Western District of Washington State.  Upon belief, JOEL W.

18  GORDON was at the time of the injuries complained of in this complaint, under a

19  material aid agreement an employee and/or agent of the CITY OF SEATTLE acting

20  within the scope of his duties as a DETECTIVE of the WASHINGTON STATE

21  PATROL.

22      2.72    CHRIS T. GUNDERMANN and JANE DOE GUNDERMANN constitute a

HEDDEN ET AL V. CITY OF SEATTLE, COMPLAINT                                    39

1   marital community under the laws of the State of Washington and upon belief reside

2   within KING County within the Western District of Washington State.  Upon belief,

3   CHRIS T. GUNDERMANN was at the time of the injuries complained of in this

4   complaint, under a material aid agreement an employee and/or agent of the CITY OF

5   SEATTLE acting within the scope of his duties as a SERGEANT of the

6   WASHINGTON STATE PATROL.

7        2.73    JOI J. HANER and JOHN DOE HANER constitute a marital community

8   under the laws of the State of Washington and upon belief reside within KING County

9   within the Western District of Washington State.  Upon belief, JOI J. HANER was at

10  the time of the injuries complained of in this complaint, under a material aid agreement

11  an employee and/or agent of the CITY OF SEATTLE acting within the scope of her

12  duties as a TROOPER of the WASHINGTON STATE PATROL.

13       2.74    ROGER D. HANSBERRY and JANE DOE HANSBERRY constitute a

14  marital community under the laws of the State of Washington and upon belief reside

15  within KING County within the Western District of Washington State.  Upon belief,

16  ROGER D. HANSBERRY was at the time of the injuries complained of in this

17  complaint, under a material aid agreement an employee and/or agent of the CITY OF

18  SEATTLE acting within the scope of his duties as a TROOPER of the WASHINGTON

19  STATE PATROL.

20       2.75    RUSSELL J. HANSON and JANE DOE HANSON constitute a marital

21  community under the laws of the State of Washington and upon belief reside within

22  KING County within the Western District of Washington State.  Upon belief, RUSSELL

1    J. HANSON was at the time of the injuries complained of in this complaint, under a

2    material aid agreement an employee and/or agent of the CITY OF SEATTLE acting

3    within the scope of his duties as a TROOPER of the WASHINGTON STATE

4    PATROL.

5        2.76    JEFFREY R. KERSHAW and JANE DOE KERSHAW constitute a

6    marital community under the laws of the State of Washington and upon belief reside

7    within KING County within the Western District of Washington State.  Upon belief,

8    JEFFREY R. KERSHAW was at the time of the injuries complained of in this

9    complaint, under a material aid agreement an employee and/or agent of the CITY OF

10   SEATTLE acting within the scope of his duties as a DETECTIVE of the

11   WASHINGTON STATE PATROL.

12       2.77    DANIEL L. MANN and JANE DOE MANN constitute a marital community

13   under the laws of the State of Washington and upon belief reside within KING County

14   within the Western District of Washington State.  Upon belief, DANIEL L. MANN was

15   at the time of the injuries complained of in this complaint, under a material aid

16   agreement an employee and/or agent of the CITY OF SEATTLE acting within the

17   scope of his duties as a DETECTIVE of the WASHINGTON STATE PATROL.

18       2.79    GEORGE R. MARS and JANE DOE MARS constitute a marital

19   community under the laws of the State of Washington and upon belief reside within

20   KING County within the Western District of Washington State.  Upon belief, GEORGE

21   R. MARS was at the time of the injuries complained of in this complaint, under a

22   material aid agreement an employee and/or agent of the CITY OF SEATTLE acting

1   within the scope of his duties as a DETECTIVE of the WASHINGTON STATE

2   PATROL.

3       2.80    JOHN G. MCMULLEN and JANE DOE MCMULLEN constitute a marital

4   community under the laws of the State of Washington and upon belief reside within

5   KING County within the Western District of Washington State.  Upon belief, JOHN G.

6   MCMULLEN was at the time of the injuries complained of in this complaint, under a

7   material aid agreement an employee and/or agent of the CITY OF SEATTLE acting

8   within the scope of his duties as a TROOPER of the WASHINGTON STATE

9   PATROL.

10      2.81    DARRELL R. NOYES and JANE DOE NOYES constitute a marital

11  community under the laws of the State of Washington and upon belief reside within

12  KING County within the Western District of Washington State.  Upon belief, DARRELL

13  R. NOYES was at the time of the injuries complained of in this complaint, under a

14  material aid agreement an employee and/or agent of the CITY OF SEATTLE acting

15  within the scope of his duties as a TROOPER of the WASHINGTON STATE

16  PATROL.

17      2.82    STEVEN E. REEVES and JANE DOE REEVES constitute a marital

18  community under the laws of the State of Washington and upon belief reside within

19  KING County within the Western District of Washington State.  Upon belief, STEVEN

20  E. REEVES was at the time of the injuries complained of in this complaint, under a

21  material aid agreement an employee and/or agent of the CITY OF SEATTLE acting

22  within the scope of his duties as a TROOPER of the WASHINGTON STATE

1   PATROL.

2   2.83   WESLEY H. RETHWILL and JANE DOE RETHWILL constitute a marital

3   community under the laws of the State of Washington and upon belief reside within

4   KING County within the Western District of Washington State.  Upon belief, WESLEY

5   H. RETHWILL was at the time of the injuries complained of in this complaint, under a

6   material aid agreement an employee and/or agent of the CITY OF SEATTLE acting

7   within the scope of his duties as a SERGEANT of the WASHINGTON STATE

8   PATROL.

9   2.84   CRAIG L. SAHLINGER and JANE DOE SAHLINGER constitute a

10   marital community under the laws of the State of Washington and upon belief reside

11   within KING County within the Western District of Washington State.  Upon belief,

12   CRAIG L. SAHLINGER was at the time of the injuries complained of in this complaint,

13   under a material aid agreement an employee and/or agent of the CITY OF SEATTLE

14   acting within the scope of his duties as a TROOPER of the WASHINGTON STATE

15   PATROL.

16   2.85   DAVID J. BROWNE and JANE DOE BROWNE constitute a marital

17   community under the laws of the State of Washington and upon belief reside within

18   KING County within the Western District of Washington State.  Upon belief, DAVID J.

19   BROWNE was at the time of the injuries complained of in this complaint, under a

20   material aid agreement an employee and/or agent of the CITY OF SEATTLE acting

21   within the scope of his duties as a SERGEANT of the WASHINGTON STATE

22   PATROL.

1        2.86    GARY D. GASSELING and JANE DOE GASSELING constitute a

2    marital community under the laws of the State of Washington and upon belief reside

3    within KING County within the Western District of Washington State.  Upon belief,

4    GARY D. GASSELING was at the time of the injuries complained of in this complaint,

5    under a material aid agreement an employee and/or agent of the CITY OF SEATTLE

6    acting within the scope of his duties as a SERGEANT of the WASHINGTON STATE

7    PATROL.

8        2.87  PAUL M. STANEK III and JANE DOE STANEK constitute a marital

9    community under the laws of the State of Washington and upon belief reside within

10   KING County within the Western District of Washington State.  Upon belief, PAUL M.

11   STANEK III was at the time of the injuries complained of in this complaint, under a

12   material aid agreement an employee and/or agent of the CITY OF SEATTLE acting

13   within the scope of his duties as a DETECTIVE of the WASHINGTON STATE

14   PATROL.

15       2.88  RICHARD A. TAYLOR and JANE DOE TAYLOR constitute a marital

16   community under the laws of the State of Washington and upon belief reside within

17   KING County within the Western District of Washington State.  Upon belief, RICHARD

18   A. TAYLOR was at the time of the injuries complained of in this complaint, under a

19   material aid agreement an employee and/or agent of the CITY OF SEATTLE acting

20   within the scope of his duties as a DETECTIVE of the WASHINGTON STATE

21   PATROL.

22       2.89 GARY M. WILCOX and JANE DOE WILCOX constitute a marital

1    community under the laws of the State of Washington and upon belief reside within

2    KING County within the Western District of Washington State.  Upon belief, GARY M.

3    WILCOX was at the time of the injuries complained of in this complaint, under a

4    material aid agreement an employee and/or agent of the CITY OF SEATTLE acting

5    within the scope of his duties as a DETECTIVE of the WASHINGTON STATE

6    PATROL.

7        2.90 OREST D. WILSON and JANE DOE WILSON constitute a marital

8    community under the laws of the State of Washington and upon belief reside within

9    KING County within the Western District of Washington State.  Upon belief, OREST D.

10   WILSON was at the time of the injuries complained of in this complaint, under a

11   material aid agreement an employee and/or agent of the CITY OF SEATTLE acting

12   within the scope of his duties as a DETECTIVE of the WASHINGTON STATE

13   PATROL.

14       2.91  RONALD W. SERPAS and JANE DOE SERPAS constitute a marital

15   community under the laws of the State of Washington and upon belief reside within

16   KING County within the Western District of Washington State.  Upon belief, RONALD

17   W. SERPAS was at the time of the injuries complained of in this complaint, under a

18   material aid agreement an employee and/or agent of the CITY OF SEATTLE acting

19   within the scope of his duties as the CHIEF of the WASHINGTON STATE PATROL.

20       2.92  DANIEL E. EIKEM and JANE DOE EIKEM constitute a marital community

21   under the laws of the State of Washington and upon belief reside within KING County

22   within the Western District of Washington State.  Upon belief, DANIEL E. EIKEM was

1    at the time of the injuries complained of in this complaint, under a material aid

2    agreement an employee and/or agent of the CITY OF SEATTLE acting within the

3    scope of his duties as a CAPTAIN of the WASHINGTON STATE PATROL.

4         2.93  STEVEN D. MCCULLEY and JANE DOE MCCULLEY constitute a marital

5    community under the laws of the State of Washington and upon belief reside within

6    KING County within the Western District of Washington State.  Upon belief, STEVEN

7    D. MCCULLEY was at the time of the injuries complained of in this complaint, under a

8    material aid agreement an employee and/or agent of the CITY OF SEATTLE acting

9    within the scope of his duties as a LIEUTENANT of the WASHINGTON STATE

10   PATROL.

11        2.94    There are numerous other persons, identities presently unknown to

12   Plaintiffs who are, and were at all times mentioned herein, supervisors, incident

13   commanders, and decision-makers OF THE CITY OF SEATTLE, and the SEATTLE

14   POLICE DEPARTMENT and/or the other involved agencies, who acted in concert with

15   the above named Defendants and who devised or approved the police strategy for

16   responding to the demonstration and police response thereto that are the subject of

17   this action and in doing the things hereinafter alleged, acted under color of state law

18   as agents of the CITY OF SEATTLE and with its full consent and approval.

19        2.95. There are also numerous Does, who are employees and/or Managers or

20   agents of Defendant LEIU who were directly involved in planning, organizing, and

21   orchestrating the response to the demonstration in question, including to Plaintiffs,

22   and are responsible for the harm suffered by Plaintiffs.

HEDDEN ET AL V. CITY OF SEATTLE, COMPLAINT                                    46

1    2.96. DOES 1-500 are, and were at all times mentioned herein, OFFICERS,

2    Supervisors, and the Incident Commander For This Demonstration Of The Police

3    Department Of The CITY OF SEATTLE, Or Other CITY, other Public Agency or

4    Private  Actors or Officials involved in the planning, creation, development or exercise

5    of Police Force and Control against the demonstration in question, the response to

6    which is the subject of this action, and in committing the acts and omissions herein

7    alleged hereinafter alleged, acted under color of state law as agents of the CITY OF

8    SEATTLE and the SEATTLE POLICE DEPARTMENT and with its full consent and

9    approval.

10    2.97 DOES 1-100 are MANUFACTURERS OF LESS LETHAL WEAPONRY do

11    substantial business in Washington, and reasonably and purposely avail themselves

12    of the laws of the State of Washington, there product was misrepresented, subject to

13    design flaws, not fit for purpose, and or otherwise improper for the purpose of crowd

14    control at peaceful demonstrations, and was thus involved in the incidents herein

15    alleged, and therefore is subject to the jurisdiction of this court.

16    2.98 DOES 1-100 are DISTRIBUTORS and/or SALES AGENTS OF LESS

17    LETHAL WEAPONRY do substantial business in Washington, and reasonably and

18    purposely avail themselves of the laws of the State of Washington, there product was

19    misrepresented, subject to design flaws, not fit for purpose, and or otherwise improper

20    for the purpose of crowd control at peaceful demonstrations, and was thus involved in

21    the incidents herein alleged, and therefore is subject to the jurisdiction of this court.

22    2.99   This action is brought pursuant to the First, Fourth, Fifth, Eighth, and

1   Fourteenth Amendments to the United States Constitution, Article 1, Section 5 and

2   Article 1, Section 7 of the Washington State Constitution, 42 U.S.C. 1983, 1988,

3   Revised Code of Washington Title 9, Chapter 62, Section 10(1), Washington State

4   common law prohibiting assault, battery, intentional infliction of emotional distress,

5   false arrest and false imprisonment, and misappropriation of or damage to personal

6   property, Washington common law negligence.

7         2.100.  Captain SANFORD was himself at the scene, involved in the decision-

8   making and active in creating the Constitutional and other legal violations that

9   occurred and that are the subject of this action.

10         2.101  Between June 3 2003 and June 2, 2004, Plaintiffs served Defendant

11   CITY OF SEATTLE with Notices of Claim, which were acknowledged by the county

12   shortly thereafter.  Substantially more than 60 days has gone by since the service of

13   those claims without an acceptance or rejection.  Therefore Plaintiffs have fulfilled

14   their obligations under the statute.

15

16                    **III. FACTS a) Overall**

17         3.1     Plaintiffs  were participants in a permitted, peaceful, and lawful

18   demonstration against the Law Enforcement Intelligence Unit (LEIU.) This

19   demonstration was permitted by the city and the police.  In the course of this permitted

20   demonstration Plaintiffs were subjected to unreasonable force.  All plaintiffs were

21   subjected to improper uses of "less lethal" weaponry, including chemical agents,

22   rubber balls, wooden dowels, batons and "pepper-ball rounds" and/or other improper

HEDDEN ET AL V. CITY OF SEATTLE, COMPLAINT                                    48